ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 14 PM 12:58

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LEONARDO ABREU OLEAGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 305-80 |
| ) | |
| MICHAEL PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Leonardo Abreu Oleaga, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under Title 28, United States Code, Section 2241 contesting the execution of his sentence of confinement. Respondent has filed his response to the petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

The Federal Bureau of Prisons ("BOP") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. While incarcerated at MCF, petitioner failed to

complete an English literacy course that is mandatory for deportable aliens[1] without a high school diploma or GED,[2] which resulted, under statute, in the disallowance of petitioner's "Good Conduct Time" ("GCT").[3] Petitioner seeks reinstatement of his GCT.

## II. DISCUSSION

Petitioner raises three grounds for relief in his petition. First, he claims that the BOP's contract with CCA constitutes an unlawful delegation of the BOP's authority to house federal prisoners. Second, he argues that authority to disallow GCT is limited to federal prisons, not state or private prison facilities. Third, he argues that the literacy course was voluntary, not mandatory, under the terms of the contract between CCA and BOP. Petitioner's first two claims are interrelated and will be address together.

### A. Disallowance of GCT

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture of GCT. Respondent counters by noting that a BOP administrator reviewed the decision to deny petitioner's GCT and determined that the

---

[1] Petitioner does not contest respondent's position that petitioner is a deportable alien.

[2] While petitioner does not dispute the determination that he does not have a GED or high school diploma in his petition, he does attach a copy of what appears to be a diploma. Pet. Ex. CCA rejected the diploma as evidence of petitioner's graduation from high school because he originally told prison officers that he only had a fourth-grade education, because he tested at a third-grade education level, and because petitioner has failed to produce an original or certified copy. Given these facts, the Court finds CCA's determination to be reasonable.

[3] Petitioner may regain his GCT by completing the course.

decision was in accordance with BOP policy and statutory requirements. Resp. Ex. C. Respondent argues that because the BOP has approved of CCA's determination, petitioner's arguments about the delegation of federal authority to CCA are moot.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, petitioner relies on Cardona to support his contention that MCF, which is run by CCA, is not a "federal" prison. Petitioner points out, and respondent does not contest, that the daily management and control of MCF is the responsibility of CCA, not the BOP. The BOP has no direct or constructive control over managerial functions at MCF. For these reasons, the Court agrees that MCF is not a "federal" prison.

The Court must now determine whether MCF, as a non-federal facility, may nevertheless impose sanctions as delegated by the BOP. The court in Carabollo-Rodriguez v. Pugh, CV 304-081 (S.D. Ga. June 13, 2005), recognized that "[i]t is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Id. (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)). Here, the BOP determined that the disallowance of GCT was proper. Resp. Ex. C. Because the BOP has retained final decision-making authority in the imposition of sanctions for failure to complete literacy programs, it has not unlawfully delegated its authority to CCA. Petitioner may not obtain relief on this ground.

### B. Mandatory Literacy Courses

Petitioner next contends that the English literacy course is voluntary, rather than mandatory, under the contract between CCA and BOP. In support of his argument, petitioner has attached to his petition provisions in the contract stating that CCA "may provide voluntary educational programs (e.g., English-as-a-Second-Language)." Pet. Ex. Petitioner's argument fails because the literacy course requirement is a product of statute, not of contract. The Prison Litigation Reform Act provides that prisoners must earn, or make satisfactory progress toward earning, their GED or high school diploma in order for their GCT to vest. 18 U.S.C. § 3624(b)(1); see also 18 U.S.C. § 3624(f) (providing that prisoners not fluent in English must participate in English literacy courses). Thus, federal prisoners are required by statute to participate in programs such as the literacy course at issue here.

4

The consequence of non-participation is the loss of GCT. Petitioner may not rely on a provision of a contract, particularly a contract to which he was not a party, to abrogate a statutory requirement.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 14th day of December, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE